UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

JOHN G. CORN and RUTH S. CORN,

        NO. CIV. S 03-2122 MCE DAD

      Plaintiffs,

  v.                ORDER

UNITED STATES OF AMERICA,

      Defendant.

----oo0oo----

On May 11, 2005, Defendant United States of America (hereinafter the "Government") filed a Motion for Summary Adjudication of Issues in the present matter, pursuant to which Plaintiffs John G. Corn and Ruth S. Corn ("Plaintiffs") seek personal injury damages pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 2671-80 ("FTCA") as a result of a motor vehicle collision involving Plaintiffs' car and a truck driven by a federal employee.  The motion now before the Court requests exclusion of certain categories of evidence on grounds that Plaintiffs have failed to satisfy the prerequisites for offering such evidence, and in turn cannot recover the damages sought

1

based on that evidence.  Given the exclusionary nature of the
relief sought in the Government's motion, the Court deems its
requests to be in the nature of in limine relief.  Consequently
the Court will treat the motion as made in limine rather than as
a request for summary adjudication of issues under Federal Rule
of Civil Procedure 56(d).[1]  For the reasons set forth below, the
Government's motion is granted in part and denied in part.[2]

     The Government's moving papers make it clear that its motion
has a three-fold basis:   First, the motion seeks an order
precluding Plaintiffs from offering any testimony of percipient
witnesses on grounds that no timely reports from such individuals
have been submitted.  Second, in the absence of percipient
witness testimony, the Government contends that Plaintiffs also
cannot recover damages for their medical treatment without any
testimony to properly establish those damages.  Finally,
according to the Government, Plaintiffs cannot recover damages
for their alleged real estate losses stemming from the accident
in question since they failed to exhaust their administrative
remedies for pursuing such a claim.

     The Government's first two requests both hinge on whether
Plaintiffs can submit percipient witness testimony without having
provided a written report setting forth the opinions to be
offered by such witnesses pursuant to Rule 26(a)(2)(B).  The
language of that Rule, however, is clear.  A written report is

---

[1]All further references to "Rule" or "Rules" are to the
Federal Rules of Civil Procedure unless otherwise noted.

[2]Because oral argument would not be of material assistance,
this matter was deemed suitable for decision without oral
argument.  E.D. Local Rule 78-230(h).

required with respect to retained, rather than percipient,
witnesses.  The Court's February 10, 2005 Pretrial (Status)
Scheduling Order states only that expert designation, and any
accompanying reports, must comply with the requirements of Rule
26(b)(2)(B).  It does not state that percipient experts must
furnish the same report required of a retained witness.

The Advisory Committee Notes to the 1993 amendment to Rule
26, pursuant to which subdivision (a)(2)(B) was added, states
unequivocally as follows:

> "The requirement of a written report in paragraph (2)(B),
> however, applies only to those experts who are retained or
> specially employed to provide such testimony in the case or
> whose duties as an employee of a party regularly involve the
> giving of such testimony. A treating physician, for
> example, can be deposed or called to testify at trial
> without any requirement for a written report."

This explanatory language applies squarely to the present case.
To the extent the witnesses at issue are percipient, they need
not submit a written report.  Moreover, a number of the
individuals in question are physicians or health care providers,
as to whom the Advisory Committee specifically notes that there
is no requirement for a written report.

The Government's in limine request to exclude the testimony
of all percipient witnesses for failing to provide a written
report is accordingly denied.  In addition, in seeking to
preclude Plaintiffs from offering any evidence in support of
their claim for medical expenses resulting from the accident in
question, the Government contends if Plaintiffs' percipient
experts are excluded they have no expert basis for such damages.
That position fails because the Government's position on
percipient witnesses lacks merit.  Plaintiffs' physicians and/or

1  health care providers can offer testimony with respect to the
2  reasonableness and necessity of medical expenses incurred by
3  Plaintiffs.  Hence the Government's motion to exclude evidence of
4  Plaintiffs' medical expenses is also denied.[3]

5      The final argument posited by the Government's motion does
6  have merit.  Through this lawsuit, Plaintiffs claim damages for
7  real estate losses occasioned by their sale of two rental
8  properties.  According to Plaintiffs, they had to sell those
9  properties because of accident-related injuries (See Dep. Of John
10  G. Corn, 86:24-87:11).  Plaintiffs maintain that because the
11  properties increased in value following their sale they should be
12  able to collect that appreciation as accident-related damage.

13     As a prerequisite to bringing an action against the
14  Government in federal court, Plaintiffs were required to "have
15  first presented the claim to the appropriate Federal agency..."
16  28 U.S.C. § 2675(a).  A claim is deemed presented for purposes of
17  § 2675(a) when a party has filed both a written statement
18  describing the injury and a sum certain damages claim.  Blair v.
19  Internal Revenue Service, 304 F.3d 861, 863-64 (9th Cir. 2002);
20  Warren v. United States Dep't of Interior Bureau of Land Mgmt.,
21  724 F.2d 776, 780 (9th Cir. 1984) (en banc).

22     While both Plaintiffs submitted the necessary administrative
23  claims to the appropriate governmental agency on or about August

24

25     [3]While the Government also argues that medical expenses, if
26  allowed, should be limited to monies actually paid for such
   expenses as opposed to the stated billing amount, Plaintiffs do
   not dispute that California law mandates that result.  See Hanif
27  v. Housing Authority, 200 Cal. App. 3d 635, 640 (1988); Nishihama
   v. City and County of San Francisco, 93 Cal. App. 4th 298, 306-07
28  (2001).

28, 2002, neither claim makes any reference whatsoever to alleged real property losses stemming from this accident, despite the fact that an itemization of damages is included with respect to both Mr. and Mrs. Corn that includes detailed subcategories of general damages, medical expenses, wage loss and loss of consortium (See Exhibits 1 and 4 to the Government's moving papers herein).

As the Ninth Circuit has recently recognized, "all claims must be filed with the appropriate agencies before claimants can bring action in federal court". Blair v. Internal Revenue Service, 304 F.3d at 864. In Blair, the plaintiff made a sum certain request for wage loss resulting from personal injuries he attributed to allegedly wrongful conduct on the part of IRS agents. The fact that the plaintiff failed to attach a definite monetary figure to his claimed medical expense caused the Ninth Circuit to conclude that plaintiff had not satisfied the administrative prerequisites for suing the government for such expenses. The plaintiff in Blair consequently failed to pass statutory muster in presenting a viable medical expense claim despite the fact that unspecified medical expenses were specifically mentioned in his administrative claim.

In this case, unlike the circumstances confronted by the Ninth Circuit in Blair, there was no mention at all of Plaintiffs' alleged real property losses in their administrative claims. While Plaintiffs attempt to argue that those damages should be incorporated within their wage loss claims, the two kinds of purported losses are separate, distinct, and not interchangeable. In the absence of proper exhaustion, the real

property loss claim is not properly before this Court.  *See* id.

at 869.  Hence that particular item of damage may properly be

excluded from consideration at trial, and any evidence pertaining

to such claims is the appropriate subject of an in limine

request.  The Government's motion in that regard is therefore

granted.


IT IS SO ORDERED.


DATED: July 1, 2005

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE